HENRY BRAUN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Braun v. Commissioner
Docket No. 8317-75.
United States Tax Court
T.C. Memo 1977-165; 1977 Tax Ct. Memo LEXIS 279; 36 T.C.M. (CCH) 688; T.C.M. (RIA) 770165; May 31, 1977, Filed *279 Henry Braun, pro se. Lowell F. Raeder, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined the following deficiencies in Federal income tax and additions to the tax against petitioner: Deficiency
Additions to Tax
Year
in Tax
Sec. 6653(a) [1]
1971
$ 59.00 $ 35.15 1972
517.00
25.85
Petitioner resided at Philadelphia, Pennsylvania when he filed his petition in this case. On June 9, 1976 we filed a Memorandum Opinion in this case, T.C. Memo 1976-185, in which we held that respondent's Motion for Partial Summary Judgment should be granted and on that date we entered an order granting such motion. Respondent, in his motion, requested the Court to enter a partial summary judgment on the question of whether the United States' participation in combat operations justifies petitioner's underpayment of income tax for the taxable years 1971 and 1972. Our opinion was rendered after petitioner appeared at a hearing on his motion before the Court in Philadelphia. The case *280 was set for trial in Philadelphia on February 28, 1977, at which time petitioner again appeared and acknowledged receipt of our Memorandum Opinion filed June 9, 1976, and agreed with the amount owed. He testified as follows: I have no quarrel with the Internal Revenue Service about the amount said to be owed, and signed a stipulation written by Mr. Raeder. Judge Featherston has ruled in a partial summary judgment in this case that disagreement with the Government's policies during the Vietnam War doesn't justify my war tax resistence to it. The judge cited opinions of this Court and of the Third Circuit Court against my fellow tax resisters which supported his position. There seems little left for me to do here but to ask you this question. Is the Government strong enough to make redress in war tax resistent cases parallel to President Carter's pardon of draft resisters? Like those who refused the draft for Vietnam, we did openly what seemed to us our duty, not pay for an immoral war. In my case, I gave the tax money to schools, hospitals and other public institutions in Philadelphia. I kept the IRS informed about this act in the beginning. I was indicted, convicted, fined *281 $500 and now the IRS is here to collect the money which, as a matter of conscience I had to keep from the slaughter. It seems to me justice that I and all who resisted that war as taxpayers, should receive amnesty. I asked this Court to do what's necessary to erase my conviction for the willful supplying of false and fraudulent information, as it read on the indictment and return the $500 fine. As for the amount of tax at issue this morning, I asked again that IRS realize that it's already been paid to the schools and hospitals of our community. I'm not against paying money to our Government for good purposes, and I've signed the stipulation that I would gladly pay the several hundred dollars if I could be assured by the Government that it would not be used for war. As of now, Mr. Raeder does not--can't give that assurance or will not. But that's where my case rests right now. This Court has no jurisdiction over the disposition of funds collected by the Internal Revenue Service in the form of income taxes. For reasons only too obvious from the contentions of petitioner in this case, Congress has not seen fit to confer such jurisdiction on the Courts. There is no merit to *282 petitioner's contention. It is too apparent to require further discussion that this country could not operate if the citizens paid the portions of their income tax that their consciences dictated. Petitioner should reflect more on the benefits he derives from being a U.S. citizen than on refusing to pay his tax because the money might be used for a purpose he disapproves. Because the parties now agree thatthe deficiencies and additions to tax owed by petitioner are as follows: Additions to Tax Under Section
Year
Deficiency
6653(a)
1971
$297.58 $35.15 1972
None 9.79 . Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩